No. 2807

Second Circuit

WHITEHEAD v. LOUISIANA PULP & PAPER COMPANY

(December 11, 1926. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Master and Servant —Par. 160 (I); Appeal—Par. 625.

The finding of the trial court in a Workmen's Compensation case, under Act 20 of 1914, as to a matter of fact, namely, the disability of the injured employee, unless manifestly erroneous, will be affirmed.

Appeal from the Fourth Judicial District Court of Louisiana, parish of Morehouse. Hon. Percy Sandel, Judge.

Action by George A. Whitehead against Louisiana Pulp & Paper Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Todd & Todd, of Bastrop, attorneys for plaintiff, appellee.

Madison & Madison, of Bastrop, Rudson, Potts, Bernstein & Sholars, of Monroe, attorneys for defendant, appellant.

ODOM, J. This is a suit under the Workmen's Compensation Act. There was judgment for plaintiff and defendant appealed.

OPINION.

Plaintiff was employed by defendant as a pipe fitter's helper at a weekly wage of $21.00. While handling some heavy pipe

he was injured and quit work. He was sent to Dr. Patterson, a local physician, who advised him to go at once to a sanitarium at Monroe and to consult Dr. Johnson. On his arrival at the sanitarium Dr. Johnson was sent for. He made an examination and found that plaintiff was suffering from an inguinal hernia on the right side and advised an operation to which plaintiff agreed to submit. On the following day Dr. Johnson, assisted by Dr. McHenry, performed the operation. They found that the plaintiff had both direct and indirect hernia on the right side and operated for both. The patient remained in the sanitarium for about seventeen days, when he was pronounced cured and sent home. The defendant paid plaintiff compensation for some time and also paid the surgeons' bills and his expenses while at the sanitarium. The plaintiff claims that he is not now able to do work of a reasonable character. That he is permanently totally disabled on account of the accident. The defendant resists further payment of compensation solely upon the ground that the operation was a success and that plaintiff is completely recovered and is now as whole as ever and able to work.

The question before the court is one of fact, and is this:

Is the plaintiff permanently totally disabled, and if so does his disability result from the accident?

Considering both these questions together, we find that plaintiff is about 40 years old and up to the time of the accident was strong, able-bodied and accustomed to doing heavy manual labor.

For about three years immediately preceding the accident and injury he had been doing construction work in the erection of carbon plants, a portion of the time as foreman of the work-gang; but even while foreman he did some heavy manual labor. He showed no signs of physical weakness or disability and worked regularly. Later he began work for the defendant, doing manual labor, and with the exception of a few days off while disabled on account of minor injuries he worked regularly.

For six years prior to his going to Bastrop to work in the construction of carbon plants, he was engaged as a common laborer in the construction of locks and dams for the government. Since the accident and the operation which followed he has done practically nothing in the way of work. He says he is not able to work; that he suffers pain in the right side of the abdomen, the area of the hernia, and he tries to work, gives out and has to quit.

The testimony shows that after he was sent home from the sanitarium he sought and obtained work as a carpenter and also as a drayman but that he worked for only a short time when he quit because he was unable to do the work. His employer was unable, of course, to say that he was unable to do the work, but Mr. McKoin says that plaintiff left his employ as a drayman after working some two or three days saying that he was in pain and could not stand the work.

Finding that he was unable to do such work as he was able to obtain in town, plaintiff moved to the country on land owned by Hiram Wilson—Wilson allowing him to use the house and land in consideration of plaintiff's paying him $75.00 for the year and looking after Wilson's stock. Later on plaintiff moved to Henry Barham's place in the country to grow vegetables and other farm truck. On Barham's place he has done some plowing,

distributed some fertilizer and has done some other manual labor about the place, but just how much work he has done is not clear.

But the facts are that he had earned practically nothing from the date of the accident and injury in May, 1925, to the date of the trial, in May, 1926.

It is defendant's theory that plaintiff can work but will not do so because if he does he will lose this suit, and in support of that theory it cites the testimony of Hiram Wilson who said that plaintiff told him that he had been offered work at a carbon plant but could not afford to take it because if he did he could not get compensation from defendant.

Evidently the district judge did not believe Wilson, and we see no reason why we should under the circumstances.

The defendant quit paying plaintiff compensation in August, 1925. Plaintiff then moved to Wilson's place in September following and remained there until around March 1, 1926. Wilson says that plaintiff made the statement to him above referred to about the last of February, 1926. But at that time plaintiff was not receiving compensation nor had he filed suit; the suit was not filed until April 5th.

After leaving Wilson's place plaintiff moved to Barham's about the 1st of March and tried to farm. There elapsed more than seven months between the date on which his compensation ceased and the date on which suit was filed, during which time plaintiff made repeated efforts to work both in town and in the country. If he had intended to defraud the defendant by feigning disability, there was no reason why he should have put forth so many efforts to work when his efforts brought practically no remuneration. He could

have as easily remained in the house or in bed and with about as much profit or benefit to himself and family and the effects would have been better from the standpoint of winning a contemplated lawsuit.

Doctors Johnson and McHenry, who performed the operation, and Doctor Larche who examined plaintiff during the course of the trial, all stated that the operation was a complete success and that plaintiff is in better physical condition now than before the operation and they think he is able to work. We have no doubt that so far as the surgeons are able to determine the operation cured the hernia; they evidently think so.

Doctor Waldsworth takes the opposite view and says plaintiff is not cured.

Doctors Johnson and McHenry say that plaintiff has weak abdominal walls and Doctor Johnson advised him never to do any more heavy manual labor, not because the hernia had not been cured by the operation but because such labor would probably bring on a hernia on the other side.

With due respect to the opinion of the surgeons, the testimony as a whole convinces us that as a result of the injury which plaintiff received while at work for defendant he is not or was not on the date of the trial able to do any work of a reasonable character. While the surgeons are no doubt honest in their opinion that he has fully recovered from the injury, the testimony as a whole convinces us that he is still suffering disability. He is not able to earn wages and it is impossible to tell when his disability will cease if at all.

Defendant applied for a new trial on the ground that new evidence had been discovered and set forth that one Leary would

swear that Doctor Waldsworth told him that there was nothing the matter with plaintiff and that he, Waldsworth, had "put one over the court", and they attach to their motion for a new trial the affidavit of Leary to that effect.

The district judge overruled the motion. We are not disposed to interfere with his ruling, because if Doctor Waldsworth's testimony were eliminated from the record our conclusion as to plaintiff's present condition and his disability to labor resulting from the injury would be the same.

We cannot say that the District Court manifestly erred.

For the reasons assigned, the judgment appealed from is affirmed, with costs.